IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

## RONALD L. DAVIS v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Maury County**
**No. 9444     Jim T. Hamilton, Judge**

---

**No. M2003-02302-CCA-R3-CO - Filed September 2, 2005**

---

The Petitioner, Ronald L. Davis, appeals the trial court's denial of his petition for writ of error coram nobis. The State has filed a motion requesting that this Court affirm the trial court's denial of relief pursuant to Rule 20, Rules of the Court of Criminal Appeals. We find the State's motion has merit. Accordingly, the motion is granted and the appeal is affirmed pursuant to Rule 20, Rules of the Court of Criminal Appeals.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which DAVID H. WELLES, and JERRY L. SMITH, JJ, joined.

Ronald L. Davis, pro se.

Paul G. Summers, Attorney General and Reporter; Michelle Chapman McIntire, Assistant Attorney General, for the appellee, State of Tennessee.

### MEMORANDUM OPINION

On June 3, 1982, the Petitioner was convicted of aiding and abetting second degree murder, and he was sentenced to ninety-nine years. On October 18, 2001, the Petitioner filed a petition for writ of error coram nobis contending that his trial counsel had a conflict of interest in representing him because trial counsel was also employed as a city attorney. Further, the Petitioner claimed that the jury foreperson failed to sign the Petitioner's indictment. On September 12, 2003, the trial court dismissed the Petitioner's petition finding that there was no evidence presented to establish that the Petitioner's trial counsel had a conflict of interest, and, further, there was no proof of prejudice. The trial court also concluded that there was no proof concerning the jury foreperson's failure to sign the indictment, and, if such failure existed, it would result in harmless error. The Petitioner filed his notice of appeal on September 16, 2003.

The Petitioner now appeals and contends that the trial court erred in denying his petition for writ of error coram nobis. The State contends that the petition for writ of error coram nobis was filed outside the one year statute of limitations. Further, the State asserts that the Petitioner's claims do not raise allegations of newly discovered evidence to negate his guilt. We agree with the State.

A petition for writ of error coram nobis relief must be filed within one year of the time judgment becomes final in the trial court. See Tenn. Code Ann. § 27-7-103. Based on the record, it is clear that the Petitioner's petition was filed several years after the statute of limitations had run. However, due process may require that the statute of limitations for filing a petition for writ of error coram nobis be tolled. See Workman v. State, 41 S.W.3d 100, 103 (Tenn. 2001). The Petitioner has failed to state any ground for which the statute of limitations should be tolled. Further, the claims the Petitioner now raises are not cognizable within a petition for writ of error coram nobis. In Tennessee, a writ of error coram nobis should be granted when "subsequently or newly discovered evidence . . . may have resulted in a different judgment, had it been presented at trial." Tenn. Code Ann. § 40-26-105 (2003); Workman, 41 S.W.3d at 104. The Petitioner's claims do not raise such evidence and, we conclude, therefore, that the trial court properly denied the relief sought by the Petitioner.

Similarly, if we were to treat this as a petition for post-conviction relief, the Petitioner's claims are time-barred. The Petitioner filed his petition beyond that time allowed by the statute, and none of the exceptions to this time limit apply in this case. See Tenn. Code Ann. § 40-30-102(b). Under the Post-Conviction Procedure Act, exceptions to the statute of limitations are set forth. These exceptions include: (1) claims based upon a new rule of constitutional law applicable to a petitioner's case; (2) claims based upon new scientific evidence showing innocence; and (3) claims based upon sentences that were enhanced because of a previous conviction and the previous conviction was subsequently found to be illegal. See Tenn. Code Ann. § 40-30-102(b)(1)-(3) (2003). The Petitioner has failed to assert any of these exceptions for tolling the statute. He cites no new constitutional rule, refers to no new scientific evidence, and makes no claim that an earlier conviction has been overturned. See Tenn. Code Ann. § 40-30-106(g) (2003). Thus, no grounds exist as an exception to the statute of limitations.

Accordingly, the State's motion is hereby granted. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
ROBERT W. WEDEMEYER, JUDGE